**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4710**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TRACY ALAN MCDONALD, a/k/a T-Mac,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00053-CCE-5)

———————

Submitted: September 9, 2016     Decided: September 16, 2016

———————

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Lauren D. Emery, Third Year Law Student, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Tracy Alan McDonald to 59 months' imprisonment after he pleaded guilty to conspiring to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). McDonald argues on appeal that his sentence is substantively unreasonable because the district court should have imposed a probationary sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Because McDonald does not assert on appeal any procedural sentencing error, we review only the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances," id. at 51, and considering "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]," United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir. 2014) (citation omitted). "An appellate court owes 'due deference' to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is 'insufficient to justify reversal of the district court.'" United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014) (quoting Gall, 552 U.S. at 51);

2

see id. at 529 n.8; see also Gall, 552 U.S. at 51-52. "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

After reviewing the district court's thorough explanation of McDonald's sentence, we conclude that it did not abuse its discretion in declining to impose a probationary sentence. The district court rejected McDonald's characterization of the offense conduct and seriousness of the offense, noting the danger in which McDonald placed the public through his manufacture and distribution of methamphetamine. See 18 U.S.C. § 3553(a)(1), (2)(A). The district court considered McDonald's prior criminal history but noted that it was appropriately reflected in the calculation of his Guidelines range. See id. § 3553(a)(1), (4)(A). Moreover, the district court recognized that it had the discretion to impose, and did impose, a below-Guidelines sentence. See id. § 3553(a)(3).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3